**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **L.D. and PATRICIA DABNEY,** | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 3:10-CV-00259-N** |
| **v.** | § | |
| | § | |
| **CHASE MANHATTAN MORTGAGE,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is the August 5, 2010 Motion to Dismiss of Chase Home Finance LLC[1] ("Defendant") (doc. 7). The time to file a response has expired, and Plaintiff has failed to respond.

L.D. and Patricia Dabney ("Plaintiffs") bring various claims against Defendant arising out of a mortgage loan secured by their property located at 1029 Millington Court, DeSoto, Texas 75115 ("Property"). (Complaint 1.) Plaintiffs' claims include common law fraud and fraudulent inducement as well as violations of the Truth in Lending Act ("TILA") and the Federal Debt Collection Practices Act ("FDCPA"). Plaintiffs seek unspecified damages and nullification of Defendant's interest in the Property. Defendant contends the case should be dismissed for failure to state a claim upon which relief may be granted.

## Analysis

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

---

[1]Chase Home Finance LLC is successor by merger to Chase Manhattan Mortgage Corporation, incorrectly sued as Chase Manhattan Mortgage.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiffs in this case are proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Even construing Plaintiffs' Complaint liberally, it does not comply with FED. R. CIV. P. 8(a) and is dismissible pursuant to Rule 12(b)(6). It contains no facts and no allegations that would entitle it to relief against Defendant. Plaintiffs' allegations are not sufficient to raise a right to relief above the speculative level.

First, Plaintiffs allege Defendant acted fraudulently because it "used acts of but not limited to fraudulent inducement, fraudulent misrepresentation, and fraudulent intent in its advertising and claims to have loaned its money to Affiant/Borrowers." (Complaint 1.) Under Texas law, the elements of common law fraud include: (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false of made the representation recklessly, without knowledge of its truth; (4) the defendant intended for the plaintiff to act of the misrepresentations; (5) the plaintiff acted on the misrepresentation; and (6) the plaintiff incurred damages thereby. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Plaintiffs have not identified a single misrepresentation made by Defendant, explained how they acted upon any misrepresentation, or specified any damages incurred.

Second, Plaintiff's appear to claim Defendants violated the TILA,[2] though they fail to allege what specific actions Defendant took in violation of the TILA. The TILA requires a lender to make certain disclosures at the time of the loan transaction. 15 U.S.C. §§ 1637, 1637a, 1638, 1639 (2006). A claim for a violation of TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. 1640(e). A violation occurs at the time the loan is consummated. *Moor v. Traveler's Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). Plaintiffs's loan transaction took place December 8, 1999, and Plaintiffs filed this suit on January 2, 2010. Therefore, any claims Plaintiffs may have under the TILA are barred by the statute of limitations. To the extent Plaintiffs are claiming the right to rescind based upon an alleged violation of the TILA, such right expired three years after the date of the loan transaction. *See* 15 U.S.C. 1635(f); *Moor*, 784 F.2d at 633.

---

[2]Plaintiffs claims under the TILA appear in an attachment to the Complaint.

Finally, Plaintiffs also appear to claim Defendant violated the FDCPA.[3]  Under the FDCPA, a "debt collector" is a party who collects a debt on behalf of another entity and does not include "the consumer's creditor, a mortgage servicing company, or an assignee of a debt." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). As the mortgagee of Plaintiff's loan, Defendant is a creditor attempting to collect a debt owed to it as Plaintiffs' creditor. Defendant is, therefore, not a "debt collector" under the FDCPA.

The Court finds that Defendant has shown that it is entitled to dismissal without prejudice pursuant to 12(b)(6).

### **RECOMMENDATION**

The Court recommends that the District Court grant Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss without prejudice Plaintiff's claims against Defendant.

Signed, October 4, 2010.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3]Plaintiffs claims under the FDCPA appear in an attachment to the Complaint.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).